**DO–WELL MACHINE SHOP, INC., Appellant,**

v.

**The UNITED STATES, Appellee.**

No. 88–1534.

United States Court of Appeals, Federal Circuit.

March 14, 1989.

Sharon E. Nelson, of Bailey & Shaw, Washington, D.C., argued for appellant. Of counsel was John M. Taffany, of Bailey & Shaw, San Antonio, Tex.

Agnes M. Brown, of the Commercial Litigation Branch, Dept. of Justice, Washington, D.C., argued for appellee. With her on the brief were John R. Bolton, Asst. Atty. Gen., David M. Cohen, Director, and Thomas W. Petersen, Asst. Director. Of counsel was Ellie Bomar, Asst. Counsel, Defense Contract Admin. Services Region, Dallas, Tex.

Before MARKEY, Chief Judge, NICHOLS, Senior Circuit Judge, and MAYER, Circuit Judge.

NICHOLS, Senior Circuit Judge.

Do–Well Machine Shop, Inc. appeals the final decision of the Armed Services Board of Contract Appeals (ASBCA or board), ASBCA No. 36090, 88–3 BCA (CCH) ¶ 20,994 dismissing the appeal of its claim for termination for convenience costs. We affirm.

### Background

On March 21, 1983, the United States Air Force entered into Contract No. F41608–83–C–0611 with Do–Well Machine Shop, Inc. (Do–Well) for the production of hydraulic jacks. Effective January 13, 1986, the government issued a Notice of Termination (modification P00002), exercising its option to terminate the contract for its convenience. Do–Well forwarded its termination claim to the Termination Contracting Officer ("TCO") on June 24, 1987. The termination for convenience clause of the subject contract provided that the "claim shall be submitted promptly but in no event later than one year from the effective date of termination." DAR 7–103.21(c). The claim was returned by the TCO as untimely, in view of its presentation more than one year after the effective date of the termination. The TCO indicated that she would assess a termination settlement amount after resolving some related issues in another contract, but no final decision on Do–Well's termination claim was made in that or any subsequent communication of record.

Do–Well appealed to the ASBCA on the ground that the government had failed to issue a final decision. Cross-motions for summary judgment were filed, the government urging that the board lacked jurisdic-

tion to hear the appeal, and Do–Well urging that the termination for convenience clause was invalid and of no legal effect. The board granted the government's motion for summary judgment.

## Issues

Two issues are before us in the present appeal: First, whether the ASBCA had jurisdiction to hear the appeal; and second, whether the termination for convenience clause of the contract is contrary to the Contract Disputes Act ("CDA") and therefore invalid. Each of these issues are questions of law over which we exercise independent review. 41 U.S.C. § 609(b); *United States v. Lockheed Corp.*, 817 F.2d 1565, 1567 (Fed.Cir.1987).

## Opinion

### I

The government supported its motion for summary judgment before the board on the basis that the board lacked jurisdiction to hear the appeal. That argument was reiterated on appeal here, but ultimately abandoned, the government instead urging affirmance on the ground that Do–Well failed to state a claim upon which relief could be granted. Government's Supplemental Brief at 1. This position might be more in the government's interest. Although the government has abandoned its lack of jurisdiction argument, it causes us to satisfy ourselves of the propriety of our own jurisdiction and that of the tribunal whose judgment we are reviewing. *Bender v. Williamsport Area School Dist.*, 475 U.S. 534, 541, 106 S.Ct. 1326, 1337, 89 L.Ed.2d 501 (1986); *Hambsch v. United States*, 857 F.2d 763, 764–65 (Fed.Cir.1988), *petition for cert. filed*, 57 U.S.L.W. —— (U.S. Dec. 13, 1988). Therefore, we consider first the issue of jurisdiction.

Although not stated in the board's opinion, it appears that the board rejected the government's arguments concerning lack of jurisdiction. If the board believed that it lacked jurisdiction to hear the appeal, it would have been improper to consider the merits of the case, which the board plainly considered. Nonetheless, the board neither discussed nor expressly rejected the jurisdiction issue.

The thrust of the government's jurisdiction argument was that:

Do–Well's failure to submit a timely claim or to request an extension is fatal to its claim. The operation of DAR 7–103.21 time-barred Do–Well's claim and Do–Well has no right of appeal. * * * Because Do–Well did not present its claim to the contracting officer within the agreed upon time, the board had no choice but to dismiss the case for lack of jurisdiction.

Government's Brief at 11.

The government correctly recognized that the time bar was fatal to Do–Well's claim. The reason that the time bar was fatal is that it constituted a valid affirmative defense. The presence of a valid defense, however, does not oust a tribunal of jurisdiction unless, of course, the defense is jurisdictional. If it did, the only cases decided on the merits would hold for victorious plaintiffs, and no successful defense would generate a *res judicata* bar. Where the defendant has a valid defense and there are no material disputed facts, as here, he may move for summary judgment or dismissal for failure to state a claim upon which relief can be granted, depending upon the proofs needed. *See* Fed.R. Civ.P. 12(b)(6) and 56(b).

The distinction between lack of jurisdiction and failure to state a claim upon which relief can be granted, is an important one:

[T]he court must assume jurisdiction to decide whether the allegations state a cause of action on which the court can grant relief as well as to determine issues of fact arising in the controversy.

Jurisdiction, therefore, is not defeated as respondents seem to contend, by the possibility that the averments might fail to state a cause of action on which petitioners could actually recover. For it is well settled that the failure to state a proper cause of action calls for a judgment on the merits and not for a dismissal for want of jurisdiction. Whether the complaint states a cause of action on

which relief could be granted is a question of law and just as issues of fact it must be decided after and not before the court has assumed jurisdiction over the controversy. If the court does later exercise its jurisdiction to determine that the allegations in the complaint do not state a ground for relief, then dismissal of the case would be on the merits, not for want of jurisdiction.

*Bell v. Hood,* 327 U.S. 678, 682, 66 S.Ct. 773, 776, 90 L.Ed. 939 (1946). *See generally,* 1 Moore's Federal Practice ¶ 0.62[2.–2] at 664–65 (1988).

To master this distinction is not merely an intellectual exercise without practical utility. A dismissal on the merits carries *res judicata* effect and dismissal for want of jurisdiction does not. *Vink v. Hendrikus Johannes Schijf, Rolkan N.V.,* 839 F.2d 676, 677, 5 USPQ2d 1728, 1729 (Fed. Cir.1988). If the government wishes to avoid revisiting this case in the Claims Court, it needs to show that this court and the board properly exercised jurisdiction over the appeal.

■ Bearing in mind the distinction between failure to state a claim and lack of jurisdiction, we now examine whether the board properly exercised jurisdiction. The jurisdictional grant is statutory and not subject to alteration by the parties or the board. Therefore, an examination of the statute granting jurisdiction, without more, will answer the question of whether the board had jurisdiction to entertain the present appeal.

The statute giving the board jurisdiction says "[e]ach agency board shall have jurisdiction to decide any appeal from a decision of a contracting officer (1) relative to a contract made by its agency." 41 U.S.C. § 607(d). In the present case, no decision was ever issued, however, "[a]ny failure by the contracting officer to issue a decision on a contract claim within the period required will be deemed to be a decision by the contracting officer denying the claim and will authorize the commencement of the appeal." 41 U.S.C. § 605(c)(5). Because the TCO failed to issue a decision in the statutory 60–day time period, 41 U.S.C. § 605(c)(1), the jurisdictional prerequisites of section 607(d) were satisfied. Therefore, the board properly exercised jurisdiction over the appeal. *See also Paragon Energy Corp. v. United States,* 645 F.2d 966, 227 Ct.Cl. 176 (1981) (failure of contracting officer to issue a decision is deemed a constructive decision adequate to invoke the "decision" requirement necessary for jurisdiction under the Contract Disputes Act).

## II

The merits of this dispute center upon the validity of the termination for convenience clause. Do–Well contends that the clause is inconsistent with the CDA, because it attempts to impose a one-year limitations period for the settlement of termination claims where the CDA has not imposed such a limitations period.

■ Absent the one-year time bar agreed to by Do–Well, Do–Well would have had an indefinite time period in which to present its termination claim, subject of course to laches and estoppel principles. Do–Well agreed, however, to curtail this right, and now it argues that its own promise was contrary to the statute.

"When the United States enters into contract relations, its rights and duties therein are governed generally by the law applicable to contracts between private individuals." *Lynch v. United States,* 292 U.S. 571, 579 [54 S.Ct. 840, 843, 78 L.Ed. 1434] (1934); *Perry v. United States,* 294 U.S. 330 [55 S.Ct. 432, 79 L.Ed. 912] (1935). * * * [T]he general rule must be that common-law contract doctrines limit the government's power to contract just as they limit the power of any private person. * * * If, however, a plaintiff's action or recovery purportedly is limited by a contractual term, that limitation will stand only if allowable under the doctrines of contract. * * * [T]his court will read the termination for convenience clause in the contract in this case as it would read any contract term and give effect to it or deny effect to it as dictated by the general law.

*Torncello v. United States,* 681 F.2d 756, 762–63, 231 Ct.Cl. 20 (1982). Just as the common law limits the government's power to contract in the same way it limits a private person, it also *protects* the government's power to contract in the same way it protects a private person. The United States can enforce the waiver of, or agreement to, a given limitations period with the same force as a private party, notwithstanding its superior bargaining power. *Cf. McCall v. United States Postal Service,* 839 F.2d 664, 667 (Fed.Cir.1988) (the mere possibility of intimidation cannot justify invalidating all waivers of statutory rights; parties are often forced to make difficult choices which effectively waive statutory or even constitutional rights).

Do–Well suggests that Congress did not intend for a limitations period to impair a contractor's right to termination for convenience settlements. But

> We must assume that if Congress intended the substantive protection afforded by a given statute to include protection against waiver of the right to a judicial forum, that intention will be deducible from text or legislative history. *See Wilko v. Swan,* [346 U.S. 427, 434–35, 74 S.Ct. 182, 186–87, 98 L.Ed. 168 (1953)]. Having made the bargain * * *, the party should be held to it unless Congress itself has evinced an intention to preclude a waiver of judicial remedies for the statutory rights at issue.

*Mitsubishi Motors Corp. v. Soler Chrysler–Plymouth, Inc.,* 473 U.S. 614, 628, 105 S.Ct. 3346, 3354, 87 L.Ed.2d 444 (1985). *See also Shearson/American Express, Inc. v. McMahon,* 482 U.S. 220, 226, 107 S.Ct. 2332, 2337, 96 L.Ed.2d 185 (1987) (burden is on the party opposing enforcement of a contractual waiver of access to a federal court in favor of arbitration, to show that Congress intended to preclude it); *Brooklyn Savings Bank v. O'Neil,* 324 U.S. 697, 705, 65 S.Ct. 895, 901, 89 L.Ed. 1296 (1945) ("the question of whether the statutory right may be waived depends upon the intention of Congress as manifested in the particular statute"). *Cf. Town of Newton v. Rumery,* 480 U.S. 386, 392, 107 S.Ct. 1187, 1192, 94 L.Ed.2d 405 (1987) (although waiver of statutory rights may infringe important interests, the mere possibility of harm does not call for a *per se* rule disfavoring waiver); *McCall v. United States Postal Service,* 839 F.2d 664 (Fed. Cir.1988) (waiver of statutory right to appeal not shown to be contrary to statute).

If we are to conclude that the termination for convenience clause is contrary to the CDA, it must be on the basis that Congress clearly did not intend for parties to be able to agree to a limitations period for the presentation of termination claims. We see no statements in the language of the CDA or its legislative history to this effect. Should such have been the intent, it would be natural to have expressed it, the more so since the Termination Article much antedates the CDA. We see no reason why Congress might have wanted access to CDA procedure to remain open indefinitely. Where Congress did not want the Act altered by parties' agreements, it said so. *See, e.g.,* 41 U.S.C. § 609(b) ("notwithstanding any contract provision, regulation, or rules of law to the contrary"). In the absence of such language concerning the presentation of settlement claims, we are unconvinced that it was the intent to preclude the parties from agreeing to a limitations period. The congressional silence on the disputed point is more likely construed as a desire that the limitations period be governed by the parties' intentions, not that it have an indefinite duration unalterable by the parties.

Among the objectives of the CDA are "to induce resolution of more contract disputes by negotiation prior to litigation," S.Rep. No. 1118, 95th Cong., 2d Sess. 1, *reprinted in* 1978 U.S.Code Cong. & Admin. News 5235, and to "encourage[ ] the informal, quick resolution of disputes before they can develop into expensive and time-consuming administrative tangles or litigation," 124 Cong.Rec. 31,645 (1978) (statement of Rep. Moorhead). With these objectives in mind, we cannot hold that Congress wanted to prevent parties from agreeing to terms that would further expedite the claim resolution process.

### Conclusion

The judgment of the Armed Services Board of Contract Appeals is affirmed.

AFFIRMED.