Shelly WIGGINS and Michael Wiggins, Plaintiffs–Appellants,

v.

SECRETARY OF the DEPARTMENT OF HEALTH AND HUMAN SERVICES, Defendant–Appellee.

No. 89–1615.

United States Court of Appeals, Federal Circuit.

Feb. 27, 1990.

---

Vincent R. Petrucelli, Petrucelli & Petrucelli, P.C., Iron River, Mich., submitted for plaintiffs-appellants. With him on the brief was Joseph C. Sartorelli.

Michael E. Robinson, Dept. of Justice, Washington, D.C., submitted for defendant-appellee. With him on the brief were Stuart M. Gerson, Asst. Atty. Gen., Jay B. Stephens, U.S. Atty. and Michael Jay Singer.

Before MARKEY, Chief Judge, NEWMAN, Circuit Judge, and. BEER, District Judge.*

PAULINE NEWMAN, Circuit Judge.

This appeal of the decision of the United States Claims Court, *Wiggins v. Secretary of the Department of Health and Human Services*, 17 Cl.Ct. 551 (1989), requires interpretation of certain provisions of the National Childhood Vaccine Injury Act, 42 U.S.C. §§ 300aa–1 *et seq.*

The facts are not in dispute. Michael Wiggins was born in 1981, and in 1982 the family physician inoculated Michael with DPT (diphtheria, pertussis, tetanus) vaccine, the second of a series of three injections. The vaccine was manufactured by the Michigan Department of Public Health.

Michael experienced a severe reaction, of a dimension that, according to the record, may well require total lifetime care. Suit was filed in Michigan state court, was dismissed as to the state on the ground of sovereign immunity, and in 1987 was settled as to the physician in the amount of $225,000. Appellants stress that the amount of this settlement was limited by the amount of the physician's insurance and personal resources, and submitted evidence that Michael's lifetime care will require several millions of dollars.

The Vaccine Act was enacted in 1986, Pub.L. No. 99–660, §§ 301 *et seq.*, 100 Stat. 3743, 3755 (1986), and was amended in 1987, Omnibus Budget Reconciliation Act of 1987, Pub.L. No. 100–203, §§ 4306–07, 101 Stat. 1330, 1330–224, 1330–225 (1987); a 1988 amendment is unrelated to this case. The compensation program established in the Vaccine Act became effective October 1, 1988. *See* 42 U.S.C. § 300aa–1 note.

The principal subsections at issue appear at 42 U.S.C. § 300aa–11(a):

§ 300aa–11(a)(4). If in a civil action brought against a vaccine administrator or manufacturer before the effective date of this subpart damages were denied for a vaccine-related injury or death or if such civil action was dismissed with prejudice, the person who brought such action may file a petition under subsection (b) of this section for such injury or death.

§ 300aa–11(a)(7). If in a civil action brought against a vaccine administrator or manufacturer for a vaccine-related injury or death damages are awarded under a judgment of a court or a settlement of such action, the person who brought such action may not file a petition under subsection (b) of this section for such injury or death.

The words "administrator or" had been added to these subsections by the 1987 Amendment. At the time of the settlement between the Wiggins family and the physician, subsections 11(a)(4) and 11(a)(7) referred solely to the manufacturer of the vaccine, and did not contain the exception for the administrator of the vaccine. Appellants assert that they relied on the text of the Act as it then existed, and expected that when the Act became effective in 1988 they would not be barred from participation despite having settled the suit against the administrator.

Appellants invoke the intent of Congress to compensate adequately those injured by vaccine. However, appellants acquired no right of action until the effective date of the Act, and recovery for past injury is governed by the provisions of the Act on its effective date. *See generally* 42 U.S.C.

---

* The Honorable Peter Beer, United States District Court for the Eastern District of Louisiana, sitting by designation pursuant to 28 U.S.C. § 293(a).

§ 300aa–16(a)(1). The Claims Court correctly held that it did not have authority, in law or equity, to depart from the terms of the statute.

Appellants state that subsections 11(a)(4) and 11(a)(7) are in conflict, and should be interpreted to hold that only an award of damages will bar their eligibility for compensation. The Claims Court did not agree with this construction.

In construing a statute the various provisions must be read together. *United States v. Morton*, 467 U.S. 822, 828, 104 S.Ct. 2769, 2773, 81 L.Ed.2d 680 (1984). Congress embodied in the statute its intent to include those who had been injured before enactment, subsection 11(a)(4), but did not extend more favorable eligibility to those who had been injured before enactment than to those injured after enactment. Subsection 11(a)(7) applies equally to both. For all such injured persons, either an award of damages or settlement, in a civil action, will bar access to the Act's compensation program.

The Wiggins' settlement of the suit against the administrator thus bars their eligibility under the Vaccine Act.

AFFIRMED.