Harold C. SNOWDON, III, and Harold C. Snowdon, Jr. and Lois Patricia Snowdon, as parents and guardians of Harold C. Snowdon, III, an incompetent, and Harold C. Snowdon, Jr. and Lois Patricia Snowdon in their own right, Petitioners,

v.

SECRETARY OF HEALTH AND HUMAN SERVICES, Respondent.

No. 90–1521 V.

United States Court of Federal Claims.

Jan. 7, 1993.

Alexander Ewing, Jr., Media, PA, for petitioners.

Eugenia Adams, with whom were Asst. Atty. Gen. Stuart M. Gerson and Helene M. Goldberg, Washington, DC, for respondent.

OPINION AND ORDER

TURNER, Judge.

This opinion addresses petitioners' October 28, 1992 Motion for Review of the decision of the special master, pursuant to the National Childhood Vaccine Injury Act of 1986, *as amended,* 42 U.S.C. § 300aa–10 to –34 (1988) (Vaccine Act), dismissing the petition. Petitioners seek compensation for injuries suffered as a result of a diphtheria-pertussis-tetanus (DPT) vaccination. For the reasons given below, we conclude that the special master's decision was not arbitrary or otherwise unlawful, and thus should be sustained. 42 U.S.C. § 300aa–12(e)(2).

I

The facts are undisputed. In 1967, Harold Snowdon, III received a DPT vaccine. Within seventy-two hours, signs of neurological damage emerged. Sadly, the injury proved permanent. In 1969, the Snowdons filed suit against the doctor who administered the vaccine. No suit was ever filed against the vaccine manufacturer. The action against the administrating doctor (hereinafter the administrator) was settled in 1974 for $115,000.

II

In this proceeding, petitioners maintain that the $115,000 settlement was only agreed to because of the administrator's liability insurance limits. Petitioners also maintain that the award did not come close to adequate compensation for the vaccine injuries.

The special master held that petitioners' prior settlement of a civil action for vaccine injuries bars further recovery under the Vaccine Act even though the settlement did not fully compensate petitioners for the injuries. Key to the special master's decision was his interpretation of 42 U.S.C. § 300aa–11(a)(7) (1988) (hereinafter 11(a)(7)), which provides:

If in a civil action brought against a vaccine administrator or manufacturer for a vaccine-related injury or death damages are awarded under a judgment of a court or a settlement of such action, the person who brought such action may not

file a petition ... for such injury or death.

42 U.S.C. § 300aa–11(a)(7) (1988).

Petitioners attack the special master's decision on the ground that Congress, in enacting the Vaccine Act, intended "to provide a means to fully compensate injured victims of immunization" (Pet. Mo. at 3). Petitioners maintain that in order to effect this legislative intent, the language in 11(a)(7) referring to "a vaccine administrator or manufacturer" must mean that "injured persons who have never received compensation from the manufacturer of the vaccine [may] receive further compensation under the Amended Act notwithstanding a partial recovery from the vaccine administrator" (Pet. Mo. at 5).

Petitioners argue that only a settlement which compensates for all of a victim's vaccine-related injuries can preclude additional recovery under the Vaccine Act. Under petitioners' scheme, full recovery, not double recovery, is the goal; any Vaccine Act award could be reduced by the amount of the prior settlement (Pet. Mo. at 5).

Unfortunately for petitioners, this argument was rejected by the Federal Circuit not long ago. *Wiggins v. Secretary of HHS*, 898 F.2d 1572 (Fed.Cir.1990), *aff'g* 17 Cl.Ct. 551 (1989). In fact, the petitioner in *Wiggins* had a stronger case than the Snowdons, because when Wiggins in 1987 reached a settlement of her civil action against a vaccine administrator in partial compensation for vaccine-related injuries, she was relying on the original language of 11(a)(7), which barred petitions only by those who had settled with "a vaccine man-

ufacturer," 100 Stat. 3743, 3759 (1986). By the time the Vaccine Act first took effect on October 1, 1988, the law had been amended to bar additional recovery by those who had settled with either "a vaccine *administrator or* manufacturer." 42 U.S.C. § 300aa–11(a)(7) (1988) (emphasis added). Unlike petitioner Wiggins, who settled during the window of time after the Vaccine Act's 1986 enactment but before its amendment in 1987, the Snowdons did not rely on the original Vaccine Act language.

The *Wiggins* rule is clear: if a person has collected any amount whatsoever in judgment or settlement of a civil action for vaccine-related injuries, that person may not recover under the Vaccine Act. *Wiggins v. Secretary of HHS*, 17 Cl.Ct. 551, 558 (1989), *aff'd*, 898 F.2d 1572 (Fed.Cir. 1990). In the case at bar, the special master correctly applied this rule.[*]

### III

Petitioners' objections to the special master's decision are OVERRULED. Judgment shall be entered for respondent in accordance with the special master's September 28, 1992 decision.

---

[*] The special master, though correct in dismissing the petition, characterized the dismissal as one for lack of jurisdiction. In this case, however, the dispute centers on the legal ramifications of petitioners' settlement of a prior civil action, asserted by respondent as an affirmative defense. Questions of law, like issues of fact, can only "be decided after and not before the court has assumed jurisdiction...." *Ralston Steel Corp. v. United States*, 340 F.2d 663, 667, 169 Ct.Cl. 119, 125 (1965) (quoting *Bell v. Hood*, 327 U.S. 678, 682, 66 S.Ct. 773, 776, 90 L.Ed. 939 (1946)). "In general, a claimant who says that he is entitled to money from the United States because a statute or regulation grants him that right, in terms or by implication, can properly come to the Court of Claims, at least if his claim is not frivolous but arguable." *Id.* Where dismissal is reached by deciding an arguable question of law, the court has exercised its jurisdiction to make a decision on the merits. The Federal Circuit has recently given clear-eyed guidance on the tricky but sometimes vital question of distinguishing dismissals for lack of jurisdiction from dismissals on the merits. *Spruill v. Merit Systems Protection Board*, 978 F.2d 679, 686–89 (Fed.Cir.1992).

In this case, the petitioners seek a holding that the Vaccine Act covers his claim. Such a determination is a determination of the merits of the case. The special master's decision on the merits is correct.