L.E. COOKE CORPORATION, Plaintiff,

v.

UNITED STATES of America,
Defendant.

No. 82–88 L.

United States Court of Federal Claims.

Feb. 12, 1993.

Richard G. Bing, Canton, OH, for plaintiff.

Margaret M. Sweeney, Washington, DC, for defendant.

### OPINION and ORDER

TURNER, Judge.

This opinion addresses defendant's motion filed November 30, 1992 to dismiss the complaint for lack of jurisdiction or for failure to state a claim upon which relief can be granted. In the alternative, defendant seeks summary judgment. We conclude that defendant's motion should be denied.

## I

Plaintiff is an Ohio corporation holding 55 leases entitling it to prospect and mine for coal on over 5,000 acres in Lawrence County, Kentucky. The U.S. Army Corps of Engineers has for some time been acquiring property in Lawrence County for a flood control system known as the Yates-

ville Lake Project. Plaintiff alleges that because of the Project, its leaseholds "may not be mined and ... are unuseable and unsaleable at their fair market value" (Cplt., ¶ 10). Plaintiff therefore asserts in its February 26, 1988 complaint that its property has been taken by the government without payment of the just compensation due under the Fifth Amendment to the Constitution.

After this action was filed, the United States began a separate condemnation proceeding in federal district court against certain Lawrence County property apparently comprising some but not all of the leaseholds at issue in this case. The instant suit was stayed because the parties anticipated that the district court direct-condemnation proceedings would effectively resolve it. The district court case was tried in 1992 and is now on appeal to the Sixth Circuit; argument is scheduled for March 24, 1993. Because no final judgment is expected from the Sixth Circuit for many months, we agreed to the parties' request that the stay be lifted for the limited purpose of determining whether the plaintiff's claim is barred by the statute of limitations.

## II

■ The six-year statute of limitations, 28 U.S.C. § 2501, does not begin to run until a potential plaintiff knows or reasonably should know of the basis of his claim. *Hopland Band of Pomo Indians v. United States*, 855 F.2d 1573, 1577 (Fed.Cir.1988) (holding that a cause of action accrues when the claimant "was or should have been aware of [the] existence" of "all the events which fix the government's alleged liability"). The clock starts as soon as the

plaintiff is put on notice that inquiry into a possible claim is called for.[1] This principle applies as well in Fifth Amendment takings cases.[2]

There is thus a low but definite constructive knowledge requirement which must be satisfied before a takings action can accrue.

■ Because of this, a linchpin for defendant's statute of limitations argument is that "plaintiff admits that by 1977 it was well aware of its alleged claim. ... Thus, plaintiff's right of action first accrued no later than 1977" (Def.Mem. at 5).

The portion of plaintiff's complaint which leads defendant to this conclusion is as follows: "Plaintiff says and alleges that its property rights have been encumbered by the acts of the Defendant since the year of 1977, and the Defendant has refused to negotiate ... any monetary settlement with the Plaintiff ..." (Cplt. ¶ 13).

We do not agree that this amounts to an acknowledgment by plaintiff that notice of the alleged taking was or reasonably should have been received in 1977. The defendant offers no material to contradict this interpretation, relying instead on what it claims is the plain language of the complaint. We conclude that plaintiff's complaint does not allege any actual or constructive knowledge of a taking in 1977.

## III

### A

To the extent that defendant's motion is one to dismiss for lack of jurisdiction under RCFC 12(b)(1), we believe it is mislabelled. The nub of defendant's motion is that the

---

1. *Hopland Band*, 855 F.2d at 1577 (Fed.Cir. 1988); *Menominee Tribe of Indians v. United States*, 726 F.2d 718, 720–21 (Fed.Cir.), *cert. denied*, 469 U.S. 826, 105 S.Ct. 106, 83 L.Ed.2d 50 (1984); *L.S.S. Leasing Corp. v. United States*, 695 F.2d 1359, 1365 (Fed.Cir.1982) (citing *Japanese War Notes Claimants Ass'n v. United States*, 178 Ct.Cl. 630, 634, 373 F.2d 356, 359, *cert. denied*, 389 U.S. 971, 88 S.Ct. 466, 19 L.Ed.2d 461 (1967)); *Oceanic S.S. Co. v. United States*, 218 Ct.Cl. 87, 108–10, 586 F.2d 774, 786–87 (1978).

2. *M.R.K. Corp. v. United States*, 15 Cl.Ct. 538, 544–45 (1988) (holding that when damage is clear but its source is unknown, a takings cause of action does not accrue until the plaintiff has reason to know what the source is); *Yaist v. United States*, 2 Cl.Ct. 349 (1983) (holding that the date the government gave constructive notice of the taking by recording the deed, and not the date of the actual purchase, was the accrual date). *See also Leeth v. United States*, 22 Cl.Ct. 467, 483–84 (1991) (holding that a takings plaintiff must have some level of knowledge that a taking has occurred for the cause to accrue).

statute of limitations expired before the 1988 filing of this case. Even if true, this is not a jurisdictional defect. That much is apparent from the language of the relevant statute of limitations, which provides that the lapse of six years bars relief in "[e]very claim of which the ... Court *has jurisdiction....*" 28 U.S.C. § 2501 (1988) (emphasis added).

■ While the Federal Circuit, by its own acknowledgment, has not been consistent in characterizing jurisdictional dismissals, a recent case has clarified the subject and reconciled conflicting language in earlier cases. *Spruill v. Merit Systems Protection Board,* 978 F.2d 679, 686–89 (Fed.Cir. 1992). *Spruill* deals in compelling terms both with the general problem of distinguishing jurisdictional from non-jurisdictional dismissals and with the specific problem of dismissals founded on a statute of limitations. Any doubt that a successful staleness defense results in a dismissal on the merits has been resolved by *Spruill.*[3] Ascertaining the staleness of a claim is itself an exercise of the court's jurisdiction.

**B**

■ An RCFC 12(b)(4) motion to dismiss for failure to state a claim tests the legal sufficiency of the complaint as stated by the plaintiff; as such, it results in a dismissal on the merits.[4] Since only the complaint is attacked by an RCFC 12(b)(4) motion, the infirmity must be built into the complaint itself.

■ Because defendant's motion is not jurisdictional and does nothing more than attack the face of the complaint, we treat it as a motion under RCFC 12(b)(4) for failure to state a claim. The motion's success requires that the complaint itself show that the claim is barred by the statute of limitations because the plaintiff was aware of its claim in 1977.

As explained above, the complaint nowhere intimates that the plaintiff knew or should have known of its takings claim in 1977. Rather, the complaint simply states plaintiff's belief at the time of filing that some of its property had been encumbered as early as 1977. Since the complaint by its own terms does not establish that the

---

**3.** *See Spruill,* 978 F.2d at 686; *Murphy v. Klein Tools, Inc.,* 935 F.2d 1127, 1128–29 (10th Cir.), *cert. denied,* —— U.S. ——, 112 S.Ct. 407, 116 L.Ed.2d 355 (1991); *Kale v. Combined Insurance Co.,* 924 F.2d 1161, 1164 (1st Cir.), *cert. denied,* —— U.S. ——, 112 S.Ct. 69, 116 L.Ed.2d 44 (1991); *Steve D. Thompson Trucking, Inc. v. Dorsey Trailers Inc.,* 880 F.2d 818, 820 (5th Cir. 1989); *Shoup v. Bell & Howell Co.,* 872 F.2d 1178, 1179–80 (4th Cir.1989); *Do–Well Machine Shop, Inc. v. United States,* 870 F.2d 637, 639–40 (Fed.Cir.1989); *PRC Harris, Inc. v. Boeing Co.,* 700 F.2d 894, 896 (2d Cir.), *cert. denied,* 464 U.S. 936, 104 S.Ct. 344, 78 L.Ed.2d 311 (1983); *Nathan v. Rowan,* 651 F.2d 1223, 1226 (6th Cir. 1981); *see also Mortensen v. First Federal Savings and Loan Ass'n,* 549 F.2d 884, 891 (3rd Cir.1977) (stating, without specific reference to statute of limitations, that motions for failure to state a claim are on the merits).

**4.** Some authorities, the Federal Circuit not among them, maintain that an RCFC 12(b)(4) motion for failure to state a claim cannot result in a decision on the merits. 5A Wright & Miller, *Federal Practice and Procedure* § 1366 at 485 (1990); 10 Wright, Miller & Kane, *Federal Practice and Procedure,* § 2713 at 593 (1983). This extremely technical approach can perhaps be understood as an attempt to insure that, because RCFC 12(b)(4) motions test only the

sufficiency of the complaint as worded, such motions not be granted with prejudice. This concern arises because in most cases, it would be unfair to grant a final, preclusive judgment against the plaintiff due to an easily reparable technical or factual problem with the complaint.

This circuit, like many others, has taken the more straightforward approach of characterizing dismissals for failure to state a claim as merits dismissals for the common sense reason that they inescapably involve an assessment of the legal sufficiency, or threshold merit, of the claim as worded. *See* cases cited *supra,* note 3. This guidance has been followed by the Court of Federal Claims. *Snowdon v. Secretary of HHS,* 27 Fed.Cl. 434, 435 n. * (1993); *Peterson Builders, Inc. v. United States,* 26 Cl.Ct. 1227 (1992); *Nucorp., Inc. v. United States,* 23 Cl.Ct. 234 (1991); *Fulgoni v. United States,* 23 Cl.Ct. 119, 127 (1991); *American National Bank & Trust Co. v. United States,* 22 Cl.Ct. 7, 16 (1990). *See also Eastern Trans–Waste of Maryland, Inc. v. United States,* 27 Fed.Cl. 146, 149–50 (1992) (distinguishing between merits and jurisdictional dismissals in a government contracts context). Under this sound approach, the important concern for fairness to the plaintiff upon granting motions for failure to state a claim can be satisfied by granting the dismissal without prejudice.

limitations period had expired at filing, the motion for dismissal under RCFC 12(b)(4) must fail.

### C

■ Alternatively, defendant seeks summary judgment. In contrast to a motion to dismiss for failure to state a claim, a motion for summary judgment looks not just to the face of the complaint but to all the pleadings and any extra-pleading material not excluded by the court. A predicate for a grant of summary judgment is that no material fact be disputed. Here, defendant maintains that plaintiff knew of the alleged taking in 1977. Plaintiff disputes this material fact, and has filed an affidavit by its president to the effect that the company "had no knowledge of any ... leases being ... taken for public use until 1988" (Aff. of Blaire P. Cooke, Pl.Mem. in Opposition Ex. A). Therefore, even if it were appropriate on such a skimpy record to treat the motion as one for summary judgment, the motion would be denied.

### IV

The stay having been granted for the limited purpose of evaluating the affirmative defense of the statute of limitations, we decline to address definitively defendant's assertion that certain injunctive relief prayed for by the plaintiff is outside our jurisdiction.

(We agree that the court lacks authority to grant the injunctive relief requested in the complaint. Suffice it to say at this juncture that there is no chance that the court will award any relief other than damages to a successful plaintiff in this or any other takings case.)

### V

For the foregoing reasons, defendant's dispositive motion filed November 30, 1992 is DENIED.