ARMED SERVICES BOARD OF CONTRACT APPEALS

Appeal of -- )
)
The Ryan Company ) ASBCA No. 58137
)
Under Contract No. DACW69-02-C-0001 )

APPEARANCES FOR THE APPELLANT: Lawrence M. Prosen, Esq.
Christian F. Henel, Esq.
Thompson Hine LLP
Washington, DC

APPEARANCES FOR THE GOVERNMENT: Thomas H. Gourlay, Jr., Esq.
Engineer Chief Trial Attorney
Willie J. Williams, Esq.
Bradley J. Stark, Esq.
Engineer Trial Attorneys
U.S. Army Engineer District, Huntington

## OPINION BY ADMINISTRATIVE JUDGE DICKINSON ON THE GOVERNMENT'S MOTION TO DISMISS FOR LACK OF JURISDICTION

This appeal arises under Contract No. DACW69-02-C-0001 awarded by the United States Army Corps of Engineers (Corps or government) to The Ryan Company (TRC) for certain electrical work including the installation of back-up generators. The government moves to dismiss TRC's appeal for lack of jurisdiction asserting that, with the exception of certain "minor claim items" for which the contracting officer has found entitlement, TRC's claim was not submitted to the government within the six-year period required by the Contract Disputes Act (CDA), 41 U.S.C. §§ 7101-7109. TRC opposes the motion.

The government's motion and supporting brief is styled as a motion to dismiss for lack of jurisdiction and throughout its 59 pages is grounded upon the sole basis of TRC's alleged failure to submit its claims within the CDA's six-year statute of limitations. Nevertheless, the introductory paragraph on page 1 contains the following sentence:

> There is no genuine issue as to any material fact and
> Respondent is entitled to an Order dismissing the appeal,
> save the nine (9) minor items as noted herein, as a matter
> of law.

(Gov't mot. at 1) With the exception of the above-quoted sentence, however, the government's motion and supporting brief contain no mention, no legal argument and no proposed statements of fact specifically identified as undisputed that would indicate that it seeks summary judgment on the merits. TRC, in its opposition to the motion to dismiss, confessed confusion as to whether the government's motion to dismiss was actually a jurisdictional motion or a motion for summary judgment on the merits and chose to address both, with the caveat that the appeal was in its early stages prior to either party conducting any discovery. (App. opp'n at 1, 4, 51)

The government's motion to dismiss, as well as TRC's opposition and the parties' further reply briefing, were all submitted prior to the 10 December 2014 decision of the Court of Appeals for the Federal Circuit in *Sikorsky Aircraft Corp. v. United States*, 773 F.3d 1315 (Fed. Cir. 2014). In *Sikorsky* the Court held that the CDA's six-year statute of limitations is not jurisdictional and, therefore, cannot provide the basis to dismiss an appeal for lack of jurisdiction. *Id.* at 1320-22. Instead, an allegation that a claim is time-barred is properly asserted in the pleadings as an affirmative defense,[1] which is subject to a determination on the merits. *Harris Corp.*, ASBCA No. 37940, 89-3 BCA ¶ 22,145 at 111,460 (citing *Do-Well Machine Shop, Inc. v. United States*, 870 F.2d 637, 639 (Fed. Cir. 1989)). The party asserting the affirmative defense (moving party here) has the burden of proof in a subsequent merits proceeding, whether that be a hearing or a motion for summary judgment. *The Boeing Co.*, ASBCA No. 54853, 12-1 BCA ¶ 35,054 at 172,197. This burden of proof is the opposite of the requirement under a motion to dismiss for lack of jurisdiction where the proponent of jurisdiction (the nonmoving party) has the burden of proof. *Raytheon Missile Systems*, ASBCA No. 58011, 13 BCA ¶ 35,241 at 173,016; *Aries Marine Corp.*, ASBCA No. 37826, 90-1 BCA ¶ 22,484; *Reynolds v. Army & Air Force Exchange Service*, 846 F.2d 746, 748 (Fed. Cir. 1988).

After the *Sikorsky* decision, the Board ordered the parties to submit supplemental briefs addressing the impact of the *Sikorsky* decision upon the government's motion to dismiss. The government's supplemental brief acknowledged that, after *Sikorsky*, a failure to meet the CDA's six-year statute of limitations was not jurisdictional. The government's supplemental brief submitted *in support of its existing motion to dismiss*, with no change in the caption and still relying on the extensive proposed factual recitations in its original brief in support of the motion to dismiss, for the first time affirmatively seeks summary judgment on the merits of its affirmative defense that TRC's claims are time-barred. Even though the record before us on the motion indicates that the parties have not yet conducted any discovery (app. opp'n. at 1, 4, 51; app. supp. br. at 4), the government:

---

[1] The government asserted TRC's alleged failure to submit its claims within the six-year period as an affirmative defense (answer ¶ 12).

2

> [S]ubmits that all known material evidence involving this appeal is already in the record. The evidence clearly reflects what [TRC] knew or should have known and when. There is no material fact, necessary for the disposition of the claim and/or claim items in dispute.

(Gov't supp. br. at 23) TRC vigorously opposes the government's "recast[ing]" of its jurisdictional motion to dismiss into a motion for summary judgment on the merits as beyond the scope of the Board's order to submit supplemental briefs on the subject of the impact of *Sikorsky* on the government's existing motion to dismiss. TRC further requests, should we determine that the government's "recast[ing]" of its motion to one for summary judgment is appropriate, that TRC be permitted to conduct discovery and that it then be given a proper opportunity to respond to the motion as one for summary judgment.

For reasons including the difference in the burden of proof stated above, it has long been our precedent that briefing submitted in support of a motion to dismiss for lack of jurisdiction will not necessarily be considered in rendering a decision on the merits through summary judgment. *Combat Support Associates*, ASBCA Nos. 58945, 58946, 15-1 BCA ¶ 35,923; *Tele-Consultants, Inc.*, ASBCA No. 58129, 13 BCA ¶ 35,234; *Aries Marine*, 90-1 BCA ¶ 22,484 (citing *Do-Well Machine Shop*, 870 F.2d 637 at 639-40) (a motion to dismiss for lack of jurisdiction may not be converted to a motion for summary judgment)).

Even if, *arguendo*, we were to accept the government's attempt in its supplemental brief to change the substance of its motion to dismiss to a motion for summary judgment, it is well established that disposition of an appeal on summary judgment is premature in the absence of adequate discovery and development of the record. "Under summary judgment procedures 'it is usually necessary for the nonmoving party to have an adequate opportunity for discovery, and summary judgment should not be granted where the nonmovant has been denied the chance to discover information essential to its opposition.'" *Coronet Machinery Corp.*, ASBCA Nos. 55645, 56899, 09-2 BCA ¶ 34,306 at 169,464 (quoting *Environmental Chemical Corp.*, ASBCA No. 54141, 05-1 BCA ¶ 32,938 at 163,176); *GAP Instrument Corp.*, ASBCA No. 55041, 06-2 BCA ¶ 33,375 at 165,458 ("an adequate opportunity for discovery must usually precede summary judgment") (citing *Burnside-Ott Aviation Training Ctr., Inc. v. United States*, 985 F.2d 1574, 1582 (Fed. Cir. 1993)).

Also operating against the appropriateness of a motion for summary judgment on the issue of when TRC's claims accrued and started the six-year statute of limitations period, is the "should have been known" test of claim accrual which "has a reasonableness component [based] upon what facts were reasonably knowable to the claimant." *Laguna Construction Company*, ASBCA No. 58569, 14-1 BCA ¶ 35,618 at

174,459. Summary judgment is not normally appropriate where reasonableness and subjective knowledge are facts at issue. *MIC/CCS, Joint Venture*, ASBCA No. 58242, 14-1 BCA ¶ 35,612 at 174,436; *The Boeing Co.*, 12-1 BCA ¶ 35,054 at 172,198. The government's motion asserts specific dates upon which it argues the various components of TRC's claim accrued for purposes of the six-year statute of limitations. TRC disputes the claim accrual dates asserted by the government and offers contradictory evidence in support of its opposition to the government's motion. TRC also seeks discovery in order to develop the record more fully. After fully considering the filings of both parties, we find numerous material facts in dispute which require us to make findings of fact, either after a hearing or upon the filing of later motion(s) for summary judgment based on a fully-developed record.

For the foregoing reasons, we deny the government's motion to dismiss.

Dated: 27 May 2015

DIANA S. DICKINSON
Administrative Judge
Armed Services Board
of Contract Appeals

I concur

MARK N. STEMPLER
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I concur

RICHARD SHACKLEFORD
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 58137, Appeal of The Ryan Company, rendered in conformance with the Board's Charter.

Dated:

JEFFREY D. GARDIN
Recorder, Armed Services
Board of Contract Appeals

4