# ARMED SERVICES BOARD OF CONTRACT APPEALS

| | |
|---|---|
| Appeal of -- ) | |
| ) | |
| ) | |
| Raytheon Company ) | ASBCA No. 58849 |
| ) | |
| Under Contract Nos. N00019-05-G-0008 ) | |
| W911QX-04-C-0108 ) | |

APPEARANCES FOR THE APPELLANT:         Paul E. Pompeo, Esq.
                                       Dominique L. Casimir, Esq.
                                         Arnold & Porter LLP
                                         Washington, DC

APPEARANCES FOR THE GOVERNMENT:        E. Michael Chiaparas, Esq.
                                         DCMA Chief Trial Attorney
                                       Stephen R. Dooley, Esq.
                                         Senior Trial Attorney
                                       Alexander M. Healy, Esq.
                                       Kara M. Klaas, Esq.
                                       Debra E. Berg, Esq.
                                         Trial Attorneys
                                         Defense Contract Management Agency
                                         Boston, MA

## OPINION BY ADMINISTRATIVE JUDGE DICKINSON
## ON APPELLANT'S MOTION TO DISMISS

This appeal arises under Contract Nos. N00019-05-G-0008 and
W911QX-04-C-0108 awarded by the government to Raytheon Company (Raytheon or
appellant) and administered by the Defense Contract Management Agency (DCMA).
DCMA asserted a government claim against Raytheon alleging that Raytheon's
accounting treatment of certain 401(k) forfeitures violated Cost Accounting Standards
(CAS) 403 and 415. Raytheon moves to dismiss the appeal for lack of jurisdiction
asserting that the government's claim was not asserted within the six-year period
required by the Contract Disputes Act (CDA), 41 U.S.C. §§ 7101-7109. Raytheon
also moves to dismiss that portion of the appeal based on anything other than CAS 415
because the contracting officer's final decision allegedly failed to assert a claim on any
basis other than CAS 415. The government opposes the entirety of Raytheon's
motion.

## A.    Jurisdiction

Appellant's motion and supporting brief, as well as the government's opposition and the parties' further reply briefing, were all submitted prior to the 10 December 2014 decision of the Court of Appeals for the Federal Circuit in *Sikorsky Aircraft Corp. v. United States*, 773 F.3d 1315 (Fed. Cir. 2014). In *Sikorsky* the Court held that the CDA's six-year statute of limitations is not jurisdictional and, therefore, cannot provide the basis to dismiss an appeal for lack of jurisdiction. *Id.* at 1320-22. Instead, an allegation that a claim is time-barred is properly asserted in the pleadings as an affirmative defense,[1] which is subject to a determination on the merits. *Harris Corp.*, ASBCA No. 37940, 89-3 BCA ¶ 22,145 at 111,460 (citing *Do-Well Machine Shop, Inc. v. United States*, 870 F.2d 637, 639 (Fed. Cir. 1989)). The party asserting the affirmative defense (the moving party) has the burden of proof in a subsequent merits proceeding, whether that be a hearing or a motion for summary judgment. *The Boeing Co.*, ASBCA No. 54853, 12-1 BCA ¶ 35,054 at 172,197. This burden of proof is the opposite of the requirement under a motion to dismiss for lack of jurisdiction where the proponent of jurisdiction (the nonmoving party) has the burden of proof. *Raytheon Missile Systems*, ASBCA No. 58011, 13 BCA ¶ 35,241 at 173,016; *Aries Marine Corp.*, ASBCA No. 37826, 90-1 BCA ¶ 22,484; *Reynolds v. Army & Air Force Exchange Service*, 846 F.2d 746, 748 (Fed. Cir. 1988).

After the *Sikorsky* decision, the Board ordered the parties to submit supplemental briefs addressing the impact of the *Sikorsky* decision upon the Raytheon's motion to dismiss. Appellant's supplemental brief took the position that, even after *Sikorsky*, we have the discretion to dismiss an appeal on the basis of a failure to meet the CDA's six-year statute of limitations. In the alternative, Raytheon argued that the Board could appropriately treat its existing motion to dismiss as either a motion for summary judgment or a motion to dismiss for failure to state a claim. The government's supplemental brief opposed appellant's positions.

For reasons including the significant difference in the burden of proof stated above, it has long been our precedent that briefing submitted in support of a motion to dismiss for lack of jurisdiction will not necessarily be considered in rendering a decision on the merits. *Combat Support Associates*, ASBCA Nos. 58945, 58946, 15-1

---

[1] While not specifically asserted as an affirmative defense in its initial pleading, Raytheon did assert its position that the government's claim was time-barred by the CDA requirement that claims be filed within six years of their accrual. Under the circumstances that Raytheon's pleading was filed over a year before the *Sikorsky* decision, Raytheon may amend its pleading to assert the affirmative defense. *See Kaman Precision Products, Inc.*, ASBCA Nos. 56305, 56313, 10-2 BCA ¶ 34,529 at 170,288-89 (permitting amendment of answer to assert omitted affirmative defenses when justice so requires).

BCA ¶ 35,923; *Tele-Consultants, Inc.*, ASBCA No. 58129, 13 BCA ¶ 35,234; *Aries Marine*, 90-1 BCA ¶ 22,484 at 112,846 (citing *Do-Well Machine Shop*, 870 F.2d 637 at 639-40 (a motion to dismiss for lack of jurisdiction may not be converted to a motion for summary judgment)).

Further, it is well established that disposition of an appeal on summary judgment is premature in the absence of adequate discovery and development of the record.[2] "Under summary judgment procedures 'it is usually necessary for the nonmoving party to have an adequate opportunity for discovery, and summary judgment should not be granted where the nonmovant has been denied the chance to discover information essential to its opposition.'" *Coronet Machinery Corp.*, ASBCA Nos. 55645, 56899, 09-2 BCA ¶ 34,306 at 169,464 (quoting *Environmental Chemical Corp.*, ASBCA No. 54141, 05-1 BCA ¶ 32,938 at 163,176); *GAP Instrument Corp.*, ASBCA No. 55041, 06-2 BCA ¶ 33,375 at 165,458 ("an adequate opportunity for discovery must usually precede summary judgment") (citing *Burnside-Ott Aviation Training Ctr., Inc. v. United States*, 985 F.2d 1574, 1582 (Fed. Cir. 1993)).

Also operating against the appropriateness of a motion for summary judgment on the issue of when the government's claims accrued and started the six-year statute of limitations period, is the "should have been known" test of claim accrual which "has a reasonableness component [based] upon what facts were reasonably knowable to the claimant." *Laguna Construction Company*, ASBCA No. 58569, 14-1 BCA ¶ 35,618 at 174,459. Summary judgment is not normally appropriate where reasonableness and subjective knowledge are facts at issue. *MIC/CCS, Joint Venture*, ASBCA No. 58242, 14-1 BCA ¶ 35,612 at 174,436; *The Boeing Co.*, 12-1 BCA ¶ 35,054 at 172,198.

B.    Scope of the Government Claim

We find, on the basis of the record before us on the motion as well as consideration of the filings of the parties, that the contracting officer's final decision unambiguously asserts a government claim on the basis of noncompliance with both CAS 403 and CAS 415.

---

[2] Raytheon acknowledges that the parties have engaged only in discovery on the subject of jurisdiction and have not conducted discovery on the merits of the appeal (app. supp. mot. at 1, 3-5).

3

## CONCLUSION

For the foregoing reasons, we deny Raytheon's motion to dismiss in its entirety.

Dated: 27 May 2015

DIANA S. DICKINSON
Administrative Judge
Armed Services Board
of Contract Appeals

I concur

MARK N. STEMPLER
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I concur

RICHARD SHACKLEFORD
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 58849, Appeal of Raytheon Company, rendered in conformance with the Board's Charter.

Dated:

JEFFREY D. GARDIN
Recorder, Armed Services
Board of Contract Appeals

4