ARMED SERVICES BOARD OF CONTRACT APPEALS

| | | |
|---|---|---|
| Appeals of - | ) | |
| | ) | |
| Nauset Construction Corporation | ) | ASBCA Nos. 61673, 61674, 61675 |
| | ) | |
| Under Contract No. W912SV-13-C-0007 | ) | |

APPEARANCES FOR THE APPELLANT:    John J. McNamara, Esq.
Elise M. Kuehn, Esq.
  Lane McNamara LLP
  Southborough, MA

APPEARANCES FOR THE GOVERNMENT:    Dana J. Chase, Esq.
  Army Chief Trial Attorney
MAJ Danielle C. Naser, JA
MAJ Joshua A. Reyes, JA
  Trial Attorneys

<u>OPINION BY ADMINISTRATIVE JUDGE HAMADY
ON THE GOVERNMENT'S MOTION TO DISMISS</u>

Pending before the Board is a motion filed by the Department of the Army (government) to dismiss Nauset Construction Corporation's (Nauset) pre-termination monetary and delay claims, specifically ASBCA Nos. 61673 and 61674.[1]  On May 5, 2021, the Board dismissed ASBCA No. 61675, to the extent it challenged the default termination for lack of jurisdiction because that portion of Nauset's claim was time-barred.  *Nauset Constr. Corp.*, ASBCA Nos. 61673, 61675, 21-1 BCA ¶ 37,852 (*Nauset I*).  The Federal Circuit affirmed the decision.  *Nauset Constr. Corp. v. Sec'y of the Army*, 2024 WL 911865 (Fed. Cir. Mar. 4, 2024).  We presume familiarity with the facts of *Nauset I*.[2]  For the reasons stated below, we deny the government's motion.

---

[1] The government's motion to dismiss does not address the remaining monetary aspects of ASBCA No. 61675, that were not addressed by the Board's opinion in *Nauset I*.  Accordingly, this decision is limited to ASBCA Nos. 61673 and 61674.

[2] *Nauset I* presents the facts in greater detail.  In this decision, we only discuss the facts necessary to resolve the government's motion.

## STATEMENT OF FACTS (SOF) FOR PURPOSES OF THE MOTION

1. Nauset submitted a certified claim (ASBCA No. 61673) to the government's contracting officer (CO) on May 12, 2017, seeking an equitable adjustment in the amount of $2,563,622 and a time extension of 598 days in compensation for various delays it attributed to the government (R4, tabs 182-85).

2. Nauset submitted a second certified claim (ASBCA No. 61674) in the amount of $291,833.84 to the CO on behalf of its subcontractor, Griffin Electric, on August 31, 2017 (R4, tab 188).

3. The government terminated the contract for default on November 17, 2017 (R4, tab 39 at 2).

4. On February 12, 2018, Nauset submitted a third certified claim (ASBCA No. 61675), contesting the validity of the default termination and requesting an equitable adjustment in the amount of $1,076,189 in costs it incurred from November 2016 through the date of the termination (R4, tab 200).

5. On June 27, 2018—222 days after the termination for default was issued—Nauset appealed the termination to the Board and its three claims for which the contracting officer failed to issue a final decision (*see* Notice of Appeal dtd. June 27, 2018).

6. The government filed a motion to dismiss ASBCA Nos. 61673 and 61675 for lack of jurisdiction and to dismiss Nauset's wrongful termination claim (included as part of ASBCA No. 61675) as untimely on December 26, 2018 (gov't mot. to dismiss dtd. December 26, 2018).

7. On May 5, 2021, the Board determined it possessed jurisdiction over ASBCA Nos. 61673 and 61675; however, it dismissed ASBCA No. 61675 to the extent it appealed the default termination for lack of jurisdiction because that portion of the claim was time-barred. *Nauset I*, 21-1 BCA ¶ 37,852 at 183,820-21.

8. Nauset filed a motion for reconsideration of the dismissal of its termination claim on May 26, 2021, which the Board denied on January 26, 2022. *Nauset Constr. Corp.*, ASBCA No. 61673 *et al.*, 22-1 BCA ¶ 38,052 at 184,769.

9. The Federal Circuit upheld the Board's dismissal of Nauset's termination claim on March 4, 2024. *Nauset Constr. Corp.*, 2024 WL 911865.

DECISION

*The Parties' Contentions*

The government moves to dismiss ASBCA Nos. 61673 and 61674 on the grounds they are barred by a valid termination for default and the doctrines of collateral estoppel and res judicata (gov't mot. at 1, 3, 4-6; gov't reply at 1, 35-38).[3] Nauset opposes the government's motion, asserting, among other things, that Nauset's termination claim was only dismissed on jurisdictional grounds and that the surviving appeals involve claims that were submitted prior to termination that are "separate and distinct from the termination." (App. opp'n at 1-2)

*Nauset's Remaining Claims May Proceed*

The government's motion to dismiss is premised on the assumption that the Board in *Nauset I* upheld the default termination and, as a result, Nauset's remaining claims "are barred by the valid termination of the contract" (gov't mot. at 1, 3; gov't reply at 11-12, gov't sur-surreply at 1). The government argues that because the default termination was valid, Nauset's pre-termination claims are barred because they do not fall within two exceptions to the general rule that a contractor's pre-termination claims are barred by a valid termination (gov't mot. at 4). The government argues further that "the Board would have no way to assess the merits of the remaining claims, without analyzing whether the default termination was proper . . . [because] the Contracting Officer's termination was specifically based on Nauset's failure to prosecute the work, failure to comply with government directions, attempted repudiation of Phase II of the project, and failure to comply with contract provisions" (gov't reply at 36). The government contends that permitting Nauset's remaining pre-termination claims to proceed "would result in the Board essentially litigating Nauset's claim regarding the termination for default despite the dismissal . . . [which] could result in an inherently contradictory predicament where Nauset is litigating the very decision, they were determined to be untimely to litigate" (*id.*).

_____

[3] The government's reply in support of its motion to dismiss suggests that Nauset's response in opposition to the government's motion to dismiss be treated as a motion for summary judgment (gov't reply at 1; gov't sur-surreply at 2). The Board does not read Nauset's response in opposition to the government's motion as a motion for summary judgment. The government's reply in support of its motion to dismiss also appears to attempt to convert the government's motion to dismiss to a motion for summary judgment (gov't reply at 11-12, 22-24; gov't sur-surreply at 2). The government's original motion was clearly styled as a motion to dismiss, and as such, the Board's opinion will not address any of the government's summary judgment-related arguments in its reply brief that were not set forth in its original motion to dismiss.

The Board in *Nauset I* dismissed that portion of ASBCA No. 61675 pertaining to Nauset's challenge to the default termination for lack of jurisdiction because its appeal was untimely. That decision was upheld by the Federal Circuit (SOF ¶ 9). Accordingly, the default termination is final and binding, even though the Board did not reach the merits of the default termination. *Cf. Combined Arms Training Sys., Inc.* ASBCA Nos. 44822, 47454, 96-2 BCA ¶ 28,617 at 142,891 (stating that where a default termination has not been contested, the contracting officer's decision must be treated as final and conclusive).

The final and binding nature of the default termination means that Nauset is foreclosed from its requested relief that the default termination be converted to a termination for convenience, meaning that the termination for default stands, irrespective of whether the government's rationale and actions behind the termination were proper. But, contrary to the government's arguments, allowing a contractor's pre-termination claims to survive a dismissal of a termination for default because that appeal was untimely, does not have the potential to upset the default termination.

A final and binding default termination, including in cases where the merits of the default termination were litigated, "is not a complete defense to an earlier arising claim against the Government in all cases." *Laka Tool & Stamping Co. v. United States*, 650 F.2d 270, 272 (Ct. Cl. 1981). For example, a valid termination for default does not bar the terminated contractor from seeking extra costs incurred in attempting to comply with impossible specifications, or other actions that the government had no right to take under the contract. *See Denis Berlin d/b/a/ Spectro Sport*, ASBCA Nos. 53549, 53550, 03-1 BCA ¶ 32,075 at 158,511 (rejecting government's argument that because the Board upheld the default termination, contractor forfeited all claims except for costs associated with accepted end items and materials, and stating that, notwithstanding a proper default termination, contractor may recover costs of its pre-termination wasted work attempting to comply with impossible government specifications); *Flight Refueling, Inc.*, ASBCA Nos. 46846, 48503, 97-2 BCA ¶ 29,000 at 144,487 (stating a valid default termination is not a bar to claims for wasted work "expended in direct consequence of an impermissible Government act, such as, issuance of impossible specifications.). Impermissible government actions are not limited to the issuance of impossible specifications. For instance, in *C.H. Hyperbarics, Inc.*, ASBCA No. 49375 *et al.*, 04-1 BCA ¶ 32,568 at 161,140-48, although the Board upheld the government's default termination, it still considered and found entitlement to some (but not all) of the contractor's pre-termination claims arising from, among other things, out of scope work, disruption of the contractor's planned sequence of work, government-caused delay, defective specifications that were impossible or impractical to perform, constructive changes, failure to deliver government furnished equipment, and breach of the government's duty to cooperate and not hinder performance. In this case, Nauset's pre-termination claims also include

a number of alleged impermissible government actions including, among other things, defective specifications (compl. ¶¶ 44, 46-52, 75-76, 110), government-caused delays (*id.* ¶¶ 21-22, 29-30, 33-38, 45, 57), interference with Nauset's performance on the project (*id.* ¶ 110), failing to act on submittals in a timely manner (*id.*), failing to pay for changed work on the project (*id.*), etc. Accordingly, appellant's pre-termination claims are not automatically barred because the termination for default is final and conclusive as a result of Nauset's untimely appeal of the termination.

As for the government's arguments that Nauset's remaining claims are barred by the doctrines of collateral estoppel or res judicata, those fail for similar reasons. For a claimant to be collaterally estopped from bringing a claim, the following must be established: "(1) the issue is identical to the one decided in a prior proceeding; (2) the issue was actually litigated; (3) the determination of the issue was necessary to the resulting judgment; and (4) the non-moving party had a full and fair opportunity to litigate the issue." *ADT Constr. Group, Inc.*, ASBCA No. 57322, 15-1 BCA ¶ 35,893 at 175,471 (*citing Laguna Hermosa Corp. v. United States*, 671 F.3d 1284, 1288 (Fed. Cir. 2012); *Jet, Inc. v. Sewage Aeration Sys.*, 223 F.3d 1360, 1366 (Fed. Cir. 2000)). Again, the validity of the default termination was never addressed in *Nauset I*. Instead, the Board's decision was limited to the timeliness of Nauset's appeal of the termination; therefore, the validity of the termination was never litigated or decided in a prior proceeding, and the determination of the propriety of the default termination was not necessary to the Board's decision in *Nauset I*. Therefore, the doctrine of collateral estoppel does not bar Nauset's remaining claims.

The government's *res judicata* arguments are similarly unavailing. *Res judicata*, or claim preclusion, applies when: "(1) the parties are identical or in privity, (2) the first suit proceeded to final judgment on the merits, and (3) the second claim is based on the same set of transactional facts as the first." *Sang Kash Co.*, ASBCA No. 62148, 20-1 BCA ¶ 37,553 at 182,344 (citing *Phillips/May Corp. v. United States*, 524 F.3d 1264, 1268 (Fed. Cir. 2008)). Although this appeal involves the same parties and the same contract, in *Nauset I*, the Board never addressed Nauset's monetary or delay claims or reached the merits of the validity of the default termination and instead dismissed that portion of ASBCA No. 61675 pertaining to Nauset's challenge to the default termination for lack of jurisdiction because Nauset's appeal was untimely. Accordingly, *res judicata* is not a bar to Nauset's remaining claims. *See Do-Well Mach. Shop, Inc. v. United States*, 870 F.2d 637, 640 (Fed. Cir. 1989) (stating that "[a] dismissal on the merits carries *res judicata* effect and dismissal for want of jurisdiction does not."); *see also SMS Agoura Systems, Inc.*, ASBCA Nos. 51441, 51442, 51496, 99-2 BCA ¶ 30,524 at 150,739 (explaining that the Board's dismissal of appellant's equitable distribution claims for lack of jurisdiction because they were untimely appealed is not a judgment on the merits).

CONCLUSION

For the foregoing reasons, the government's motion is denied.

Dated: October 7, 2025

ROBYN L. HAMADY
Administrative Judge
Armed Services Board
of Contract Appeals

I concur

I concur

OWEN C. WILSON
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

MICHAEL N. O'CONNELL
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA Nos. 61673, 61674, 61675, Appeals of Nauset Construction Corporation, rendered in conformance with the Board's Charter.

Dated: October 7, 2025

PAULLA K. GATES-LEWIS
Recorder, Armed Services
Board of Contract Appeals