Carl J. VELTMANN, Plaintiff,

v.

**UNITED STATES of America, Defendant.**

No. 97–318 C.

United States Court of Federal Claims.

Dec. 8, 1997.

Carl J. Veltmann, Indian Head Park, IL, plaintiff, pro se.

Salomon Gomez, Washington, DC, with whom were Frank W. Hunger, Assistant Attorney General, David M. Cohen and Sharon Y. Eubanks, for defendant.

**OPINION and ORDER**

TURNER, Judge.

Plaintiff seeks relief under 28 U.S.C. § 2513, a statute providing compensation for persons unjustly convicted of federal offenses

and imprisoned. The case [1] stands on defendant's motion, filed June 16, 1997, to dismiss the claim for lack of subject-matter jurisdiction and on plaintiff's motions, filed May 28 and July 31, 1997, for summary judgment. We conclude that all three dispositive motions must be denied.

## I

On March 13, 1992, in the United States District Court for the Middle District of Florida, plaintiff was convicted of arson, wire fraud and mail fraud. Subsequently, plaintiff's convictions were overturned and he was granted a new trial. At the conclusion of his new trial, the jury found him not guilty of the offenses. The jury's verdict was filed on September 12, 1996.

On May 1, 1997, plaintiff filed this action pursuant to 28 U.S.C. §§ 1495 and 2513. Section 2513 provides a cause of action for persons who have been unjustly convicted of federal offenses and imprisoned. The Court of Federal Claims has jurisdiction over such claims pursuant to 28 U.S.C. § 1495.[2]

## II

■ To receive compensation for unjust conviction under 28 U.S.C. § 2513, a plaintiff must allege and prove that

(1) His conviction has been reversed or set aside on the ground that he is not guilty of the offense of which he was convicted, or on new trial or rehearing he was found not guilty of such offense, as appears from the record or certificate of the court setting aside or reversing such conviction ... and

(2) He did not commit any of the acts charged and he did not by misconduct or neglect bring about his own prosecution.

28 U.S.C. § 2513(a). However, the only permissible way for a claimant to prove the facts described in § 2513(a)(2) is to submit a certificate reciting the requisite facts duly executed either by the court which overturned his conviction or by the court in which his successful retrial was conducted. 28 U.S.C. § 2513(b) ("Proof of requisite facts shall be by a certificate of the court ... wherein such facts are alleged to appear, and *other evidence thereof shall not be received*" (emphasis added).); *Hadley v. United States*, 106 Ct.Cl. 819, 820, 66 F.Supp. 140 (1946).

In the instant case, plaintiff does not assert that his convictions were reversed or set aside on the ground that he was not guilty of the offenses of which he was convicted. *See* 28 U.S.C. § 2513(a). Instead, he states that upon a retrial by jury he was found not guilty of the offenses; indeed, he has furnished a copy of an order of the federal trial court dated September 12, 1996 which recites that upon retrial by a jury, plaintiff was found not guilty of all charges. Pl. Cert. of Innocence and Mot. for Damages, 5/1/97, Ex. E.

Nevertheless, applying the restrictive proof requirements of § 2513(b) to plaintiff's circumstances, he must still obtain and file in this litigation a certificate from the U.S. District Court for the Middle District of Florida that in fact he did not commit any of the acts charged and that he did not by his conduct or neglect bring about his prosecution. This is a substantial burden, but the very statute which creates the right to damages for unjust conviction places this precise burden squarely upon the claimant. 28 U.S.C. § 2513(a) & (b).

■ In this case, plaintiff attempted to secure such a certificate from United States District Judge H. Dale Cook, the presiding judge at his retrial in the Middle District of Florida. Pl. Joint Mot. for Judicial Notice, 9/29/97, Ex. B.[3] Plaintiff submitted an unsigned certificate with the § 2513(a)(2) facts

---

1. This case is the companion case to *Christopher P. Veltmann v. United States*, No. 97–58 C (Fed. Cl. filed January 29, 1997).

2. For a concise and informative discussion of 28 U.S.C. §§ 1495 & 2513, *see* 32B Am.Jur. *Fed. Courts* §§ 2292, 2312, 2341, 2516, 2517 (1996). Also see generally *Burgess v. United States*, 20 Cl.Ct. 701 (Cl.Ct.1990).

3. The cited "Plaintiffs' Joint Motion for Judicial Notice," together with Exhibits A, B and C, was filed on September 29, 1997 but only in the companion case of *Christopher P. Veltmann v. United States*, Case No. 97–58. The document has obvious application in the instant case as well.

recited. *Id.* However, Judge Cook refused to sign the certificate, apparently because he believed that plaintiff was attempting to file pleadings in the district court regarding a matter within the sole jurisdiction of the Court of Federal Claims. *Id.,* Ex. C. Because plaintiff has not submitted an executed certificate alleging the requisite facts, defendant moved to dismiss plaintiff's complaint on the ground that the court lacks subject-matter jurisdiction. However, the court plainly has jurisdiction to adjudicate claims for unjust conviction and imprisonment asserted pursuant to 28 U.S.C. §§ 1495 & 2513 such as that asserted in the complaint.

Although defendant is correct that plaintiff's case cannot proceed successfully without the certificate required by 28 U.S.C. § 2513(a) & (b), we will not dismiss the claim at this time. We will, however, dismiss without prejudice plaintiff's motions for summary judgment, filed May 28 and July 31, 1997, since plaintiff has not, at this juncture, produced a duly executed certificate which could furnish a basis for relief.

Plaintiff has attempted in seeming good faith to secure the required evidence and was unable to do so, not because Judge Cook refused to support his claim, but because the judge believed that plaintiff was attempting to file the claim in the wrong court. Because Judge Cook, as the presiding judge at plaintiff's retrial, was and is empowered to sign such a certificate, we will give the plaintiff 60 more days to obtain the requisite certificate. If at the end of that time he is unable to submit a certificate to this court, we will dismiss the claim for failure of proof.

### III

Based on the foregoing, plaintiff's motions for summary judgment filed on May 28 and July 31, 1997 are DENIED WITHOUT PREJUDICE, and defendant's motion filed on June 16, 1997 to dismiss the case for lack of subject-matter jurisdiction is DENIED.

Plaintiff shall have 60 days within which to obtain and file the requisite certificate pursuant to 28 U.S.C. § 2513(a) & (b). Failure to file such a duly executed certificate will result in dismissal of this civil action for failure of proof.