NOTE:   This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2006-5144


FRANK BOLDUC,

Plaintiff-Appellant,

v.

UNITED STATES,

Defendant-Appellee.


Stephen Hrones, Hrones, Garrity & Hedges, of Boston, Massachusetts, argued for plaintiff-appellant.

J. Reid Prouty, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, argued for defendant-appellee.  With him on the brief were Peter D. Keisler, Assistant Attorney General, Jeanne E. Davidson, Director, and Bryant G. Snee, Deputy Director.

Appealed from:  United States Court of Federal Claims

Judge Victor J. Wolski

NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2006-5144

FRANK BOLDUC,

Plaintiff-Appellant,

v.

UNITED STATES,

Defendant-Appellee.

_____

DECIDED:   September 5, 2007

_____

Before MAYER and LINN, <u>Circuit Judges</u>, and ROBERTSON, <u>District Judge</u>.<sup>*</sup>

Opinion for the court filed by <u>Circuit Judge</u> MAYER.    Dissenting opinion filed by <u>District Judge</u> ROBERTSON.

MAYER, <u>Circuit Judge</u>.

Frank Bolduc appeals the judgment of the United States Court of Federal Claims, which dismissed his suit as untimely filed.  <u>Bolduc v. United States</u>, 72 Fed. Cl. 187 (2006).  We <u>affirm</u>.

Prior to November 1989, Bolduc was convicted of second-degree murder in Massachusetts and sentenced to life in prison.  He was eventually granted parole and released from prison.  On November 1, 1989, while free on parole, he was arrested

_____

<sup>*</sup>    Honorable James Robertson, United States District Court for the District of Columbia, sitting by designation.

along with his alleged partner and charged with the robbery of an armored car in Chelmsford, Massachusetts. Finding that this arrest violated his parole, the Massachusetts parole board reinstated his life sentence and Bolduc was returned to jail.

While in jail awaiting trial for the Massachusetts armored car robbery, he was indicted by a federal grand jury for his alleged role in two Wisconsin bank robberies. Bolduc was then transferred to Wisconsin, where he was tried and convicted by a federal jury in February 1991, and sentenced to 580 months in prison. Because this conviction was a sufficient basis upon which to revoke his parole, Bolduc was returned to the custody of the Massachusetts state penal system to resume serving his life sentence. Since he was already in jail for life, the Massachusetts state officials decided to enter nolle prosequis in the Chelmsford armored car robbery case.

Although Bolduc and his alleged partner were already incarcerated for the Wisconsin bank robberies, similar crimes continued to plague the Midwest. Bolduc v. United States, 402 F. 3d 50, 53 (1st Cir. 2005). More than six years after his Wisconsin conviction, one William Kirkpatrick was arrested on suspicion of involvement in the more recent robberies. Id. Kirkpatrick eventually confessed that he and a partner were also responsible for the two robberies for which Bolduc and his partner had been convicted. Id. at 54. Bolduc then filed a federal habeas corpus petition, which was not opposed by the government. Id. On June 11, 1999, a federal district court granted his petition and vacated his conviction. See Bolduc v. United States, 72 Fed. Cl. 187, 188 (2006). However, the district court did not grant his certificate of innocence until October 7, 1999, and the Massachusetts parole board did not authorize his release from prison until November 1999. Id.

2006-5144                                    2

On August 9, 2001, Bolduc sued the United States in the Massachusetts federal district court under the Federal Torts Claims Act for its alleged failure to disclose exculpatory evidence during his federal trial in Wisconsin. Id. at 189. The court ruled in favor of the government, and the United States Court of Appeals for the First Circuit affirmed on March 23, 2005. See Bolduc v. United States, 265 F. Supp. 2d 153 (D. Mass. 2003), aff'd, 402 F.3d 50 (1st Cir. 2005).

On June 17, 2005, Bolduc filed this suit in the Court of Federal Claims, seeking monetary damages under 28 U.S.C. §§ 1495 and 2513 for his unjust conviction and imprisonment. The government moved to have the case dismissed as untimely under 28 U.S.C. § 2501, which imposes a six-year statute of limitations on claims filed in that court. The government argued that Bolduc's claim accrued when his conviction was vacated by the district court in Wisconsin on June 11, 1999, which would mean that the period of limitations expired on June 11, 2005 – six days before he filed this lawsuit. Bolduc countered that his claim did not accrue until the district court granted his certificate of innocence on October 7, 1999. Bolduc further argued that, even if the claim did accrue when his conviction was vacated, the six-year limitations period was tolled by 28 U.S.C. § 1500 since the Court of Federal Claims was deprived of jurisdiction while his related case was pending in Massachusetts. The Court of Federal Claims dismissed the case as untimely, and Bolduc appeals. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(3).

A decision by the Court of Federal Claims to dismiss a case as untimely filed is a question of law, and is therefore reviewed de novo. Brown v. United States, 195 F.3d

1334, 1337 (Fed. Cir. 1999).  Questions of statutory interpretation are also reviewed <u>de novo</u>.  <u>AD Global Fund v. United States</u>, 481 F.3d 1351, 1353 (Fed. Cir. 2007).

Bolduc argues that his claim did not accrue when his federal conviction was vacated on June 11, 1999, but when his certificate of innocence was issued on October 7, 1999.  His argument has no support in law.  To establish a prima facie case of unjust conviction and imprisonment, a party need only allege that (1) "[h]is conviction has been reversed or set aside on the ground that he is not guilty of the offense of which he was convicted . . .  as appears from the record" or that he was pardoned for the offense "upon the stated ground of innocence and unjust conviction"; and (2) he did not actually commit any of the acts charged, and he also "did not by misconduct or neglect cause or bring about his own prosecution."  28 U.S.C. § 2513(a).  A certificate of innocence is not an element of a prima facie case of unjust conviction and imprisonment; it is merely a means of proving the underlying facts.  <u>Id.</u> § 2513(b) ("Proof of the requisite facts shall be by a certificate of the court or pardon wherein such facts are alleged to appear, and other evidence thereof shall not be received.").  Here, the order vacating Bolduc's judgment stated that Kirkpatrick had confessed to the crimes of which Bolduc had been convicted, that there was evidence that Kirkpatrick's confession was genuine, and that Bolduc had no connection to Kirkpatrick.  Bolduc could therefore allege that this order was entered "on the ground that he [wa]s not guilty."  This, coupled with an allegation satisfying the requirements of 28 U.S.C. § 2513(a)(2), was sufficient for Bolduc to allege a prima facie case of unjust conviction and imprisonment.  Thus, Bolduc's claim accrued when his conviction was vacated, because that was the moment when all of "the events [had] occurred which fix[ed] the liability of the Government and entitle[d] [him] to institute

an action." Brighton Vill. Assocs. v. United States, 52 F.3d 1056, 1060 (Fed. Cir. 1995) (internal quotations omitted). The date upon which his certificate of innocence was issued has no bearing. The six-year period of limitations expired on June 11, 2006, so the trial court correctly determined that his suit was untimely filed.

Bolduc argues in the alternative that, even if his claim did accrue on June 11, 1999, it should nevertheless have been tolled by 28 U.S.C. § 1500 while his related claim was pending in the District of Massachusetts. Again, we disagree. Even assuming that section 1500 would otherwise be applicable in this situation, that provision only tolls the limitations period while the claim is pending in another court; it does not "tack" onto the limitations period the amount of time the case had been pending in the other court. In other words, had Bolduc's claim still been pending in Massachusetts when the six-year statute of limitations expired, he might have been able to invoke section 1500 to preserve the timeliness of this claim. However, he may not invoke section 1500 to expand the period of limitations by tacking the amount of time that the district court suit was pending onto the six-year period otherwise allotted by section 2501, which is what Bolduc would like us to do here. Nor is there any authority to support the tolling of section 2501.

Finally, Bolduc argues that even if his case is otherwise time-barred, it should nevertheless have been considered by the Court of Federal Claims as if it had been constructively transferred from the district court pursuant to 28 U.S.C. § 1406. However, section 1406 cannot be invoked to transfer a case between a United States district court and the Court of Federal Claims. See 28 U.S.C. § 1406(c) ("As used in this section, the term 'district court' includes the District Court of Guam, the District

Court for the Northern Mariana Islands, and the District Court for the Virgin Islands"; notably absent from that list is the Court of Federal Claims.); see also Fisherman's Harvest, Inc. v. PBS & J, 2007 WL 1774922, at *6 (Fed. Cir. June 21, 2007) (holding that 28 U.S.C. § 1404, which contains language very similar to section 1406, "does not provide for a transfer from a district court to the Court of Federal Claims"). And the Court of Federal Claims has no jurisdiction over claims sounding in tort, in any event.

### Conclusion

Accordingly, the judgment of the United States Court of Federal Claims is affirmed.

NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2006-5144

FRANK BOLDUC,

Plaintiff-Appellant,

v.

UNITED STATES,

Defendant-Appellee.

ROBERTSON, <u>District Judge</u>, dissenting.

A person may recover damages from the United States for wrongful conviction and imprisonment under 28 U.S.C. § 1495 if he alleges and proves that his conviction has been "reversed or set aside on the ground that he is not guilty of the offense of which he was convicted . . . as appears from the record or certificate of the court setting aside or reversing such conviction" and that he neither committed the acts charged nor negligently contributed to his own prosecution. 28 U.S.C. § 2513(a).  The majority rejects Bolduc's argument that his § 1495 cause of action did not accrue until he was issued a certificate of innocence and affirms the dismissal of his suit as untimely, because "a certificate of innocence is not an element of a prima facie case of unjust conviction and imprisonment; it is merely a means of proving the underlying facts," and because, on the day the district court in Wisconsin vacated Bolduc's conviction, "the events [had] occurred which fix[ed] the liability of the Government and entitle[d] [him] to institute an action."  <u>Brighton Vill. Assocs. v. United States</u>, 52 F.3d 1056, 1060 (Fed. Cir. 1995).

The record that is before this Court does not support that conclusion. It does not include the full record of Bolduc's criminal case in Wisconsin. The June 11, 1999 district court order relied upon by the government merely indicates that an individual named William Kirkpatrick confessed to the bank robbery for which Bolduc was convicted and that the government "satisfied the court that Kirkpatrick did not have contact" with Bolduc. Gov't Br. Supp. App. at 6. Those two propositions – (i) that someone else confessed to the crime (ii) who did not have contact with Bolduc – do not necessarily exclude Bolduc from criminal liability for the robbery or foreclose the possibility of a new trial. The stated reason for the order vacating Balduc's conviction, indeed, was not his innocence – that was not certified by the district court until several months later – but "the discovery of new evidence." Gov't Br. Supp. App. at 7.

It may well be that, if the complete record of the Wisconsin court were before us, it would clearly "appear" that Bolduc's conviction was reversed "on the ground that he [was] not guilty of the offense of which he was convicted," but that record is not before us. Because the statute of limitations is a jurisdictional matter in the Court of Federal Claims, the government had to refute "any possible basis on which [Bolduc] might prevail," and it failed to do so. W.R. Cooper Gen. Contractor, Inc. v. United States, 843 F.2d 1362, 1364 (Fed. Cir. 1988); see also BMR Gold Corp. v. United States, 41 Fed. Cl. 277, 282 (Ct. Cl. 1998) (motion to dismiss on statute of limitations grounds denied when the limited facts before the court suggested a "possible basis upon which [plaintiff] might prevail on [his] argument that the claim . . . was timely filed").

I would reverse.

2

2006-5144